1 | JOHN A. CASE, JR. (126671)
2 | jcase@CaseWebLaw.com
   | LAW OFFICES OF JOHN A. CASE, JR.
3 | 11601 Wilshire Blvd. Suite 500
   | Los Angeles, California 90025
4 | (310) 203-3911, fax (310) 867-2096

5 | Attorneys for Plaintiff
   | GUIDO KARP

6 |

7 |

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 |

11 | GUIDO KARP, an individual,

12 | Plaintiff,

13 | vs.

14 | ADAM OPEL AG, a German

15 | company; TINA MÜLLER, an
   | individual; ULLRICH CLAEßEN, an
16 | individual; MICHAEL THEIS, an
   | individual; ISABELLA SCHÖPFER;
17 | an individual; STEPHANIE ROTH, an
   | individual; ANDREAS MARX, an
18 | individual; GENERAL MOTORS
   | COMPANY, a Delaware corporation;
19 | DRAUF UND DRAN GBR, a German
   | company; NICO BERGER, an
20 | individual; FRANK LANGE, an
   | individual; AUTOHAUS SCHINNER
21 | E.K., a German company; MATHIAS
   | SCHINNER, an individual;
22 | AUTOHAUS WELLER GMBH & CO.
   | KG, a German company; HANS
23 | WELLER, an individual; WELLER
   | AUTOMOBILE, a German company;
24 | FRANZISKA BRANDT, an individual;
   | JUNGWAGENZENTRUM, a German
25 | company; MERIH YAGSATAN, an
   | individual; AUTO DEPPE GMBH

Case No.

COMPLAINT FOR:

(1)    DIRECT COPYRIGHT
       INFRINGEMENT

(2)    CONTRIBUTORY
       COPYRIGHT
       INFRINGEMENT

(3)    VICARIOUS COPYRIGHT
       INFRINGEMENT

(4)    INJUNCTIVE RELIEF

DEMAND FOR JURY TRIAL

1

COMPLAINT

& CO. KG, a German company; )
GUIDO DEPPE, an individual; and )
DOES 1 through 100, inclusive, )
                                )
                Defendants.      )
                                )
_____ )

For his Complaint herein, plaintiff GUIDO KARP, an individual, alleges, based upon his own personal knowledge or upon information and belief as to matters not within his own personal knowledge, as follows:

## ***NATURE OF THE ACTION***

1.       Plaintiff GUIDO KARP is an internationally recognized photographer, specializing in music and celebrity photography.  Plaintiff has a storied history producing photographs of and about many musical artists, such as Michael Jackson, AC/DC, The Rolling Stones, Justin Timberlake, and many more.  For decades, plaintiff crouched the sidelines, capturing the action all around the world, preserving with his photography historic concerts, great hits, and remarkable appearances.  Plaintiff's collection represents the physical embodiment of the musicians' life work, and a devotion to capturing the history of celebrated artists for generations to come.

2.       This action involves multiple photographs taken, created, and owned by plaintiff GUIDO KARP.  Plaintiff registered such photographs with the U.S. Copyright Office.  Such photographs are referred to collectively herein as the "Copyrighted Works."

3.       Defendants are infringing the Copyrighted Works by reproducing, copying, duplicating, publicly displaying, distributing, preparing derivative works based upon, and otherwise exploiting the Copyrighted Works, in physical and digital forms, on an Opel concept car and photos and

2

1 images of same, among other infringements, knowingly and wilfully, without
2 plaintiff's authorization, and despite actual notice of copyright infringement.

3        4.    At a maximum of $150,000 per registered work in cases of
4 wilful infringement, the statutory damages in this case are not less than
5 $5.1 million. As described below, defendants' infringements are wilful,
6 intentional, deliberate, and made despite actual notice of copyright
7 infringement. Even if the infringements were not wilful (which they are),
8 statutory damages are not less than the range of $25,500 to $1.02 million, at
9 the statutory rate of $750 to $30,000 for non-wilful infringements.

10        5.    Defendants' conduct has caused and continues to cause
11 plaintiff grave and irreparable harm, for which there is no adequate remedy at
12 law.

13
14                  ***JURISDICTION AND VENUE***

15        6.    This Court has subject matter jurisdiction over the federal
16 claims alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17        7.    Venue is proper in this Court pursuant to 28 U.S.C.
18 §§ 1391(b) and 1400 because a substantial part of the events or omissions
19 giving rise to the claims pleaded herein occurred in the Central District of
20 California; one or more defendants reside, may be found, or are subject to
21 personal jurisdiction in the Central District of California; and one or more
22 defendants are not resident in the United States.

23
24                    ***PARTIES***

25        8.    Plaintiff GUIDO KARP ("Karp") is a individual domiciled in
26 the County of Los Angeles, State of California.

27        9.    On information and belief, defendant ADAM OPEL AG is a
28 German company, with its principal place of business in Germany.

COMPLAINT

10. On information and belief, defendant TINA MÜLLER is an individual residing in Germany.

11. On information and belief, defendant ULLRICH CLAEßEN is an individual residing in Germany.

12. On information and belief, defendant MICHAEL THEIS is an individual residing in Germany.

13. On information and belief, defendant ISABELLA SCHÖPFER is an individual residing in Germany.

14. On information and belief, defendant STEPHANIE ROTH is an individual residing in Germany.

15. On information and belief, defendant ANDREAS MARX is an individual residing in Germany.

16. On information and belief, defendant DRAUF UND DRAN GBR is a German company, with its principal place of business in Germany.

17. On information and belief, defendant NICO BERGER is an individual residing in Germany.

18. On information and belief, defendant FRANK LANGE is an individual residing in Germany.

19. On information and belief, defendant AUTOHAUS SCHINNER E.K. is a German company, with its principal place of business in Germany.

20. On information and belief, defendant MATHIAS SCHINNER is an individual residing in Germany.

21. On information and belief, defendant GENERAL MOTORS COMPANY is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Michigan.

//

//

4

22.   On information and belief, defendant AUTOHAUS WELLER GMBH & CO. KG is a German company, with its principal place of business in Germany.

23.   On information and belief, defendant HANS WELLER is an individual residing in Germany.

24.   On information and belief, defendant WELLER AUTOMOBILE is a German company, with its principal place of business in Germany.

25.   On information and belief, defendant FRANZISKA BRANDT is an individual residing in Germany.

26.   On information and belief, defendant JUNGWAGEN-ZENTRUM is a German company, with its principal place of business in Germany.

27.   On information and belief, defendant MERIH YAGSATAN is an individual residing in Germany.

28.   On information and belief, defendant AUTO DEPPE GMBH & CO. KG is a German company, with its principal place of business in Germany.

29.   On information and belief, defendant GUIDO DEPPE is an individual residing in Germany.

30.   Plaintiff is unaware of the true names and capacities of the defendants sued as DOES 1 through 100, inclusive, and therefore sues those defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when that information is ascertained. Plaintiff is informed and believe, and therefore alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by such defendants.

COMPLAINT

31.    On information and belief, defendants' actions alleged herein were undertaken by each defendant individually; were actions that each defendant caused to occur; were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control, or direct; or were actions in which each defendant assisted, participated, or otherwise encouraged; and are actions for which each defendant is liable.  On information and belief, each of the defendants acted as the agent, employee, partner, co-conspirator, or alter ego of each of the other defendants.  On information and belief, in performing the acts and omissions alleged herein, each of the defendants acted within the course and scope of such agency, employment, partnership, conspiracy, or alter ego relationship.  On information and belief, in performing the acts and omissions alleged in this Complaint, each of the defendants herein acted in concert and conspiracy with each of the other defendants herein; and aided and abetted the other defendants, in that each defendant had knowledge of those actions, provided assistance, and benefited from those actions, in whole or in part; except as otherwise specifically alleged herein.

## ***GENERAL ALLEGATIONS***

The Original Copyrighted Works

32.    Plaintiff GUIDO KARP is the author, creator, and owner of various photographs taken of certain musicians and musical acts, including the following:

(a)    A photograph of the musical act HIM, taken in 2006, registered with the U.S. Copyright Office under registration number VA0001658403.

//

//

COMPLAINT

(b)     A photograph of the musician Phil Collins, taken in 2005, registered with the U.S. Copyright Office under registration number VA0001658632.

(c)     A photograph of the musician Chris de Burgh, taken in 2007, registered with the U.S. Copyright Office under registration number VA0001658554.

(d)     A photograph of the musician Jogl Brunner, taken in 2004, registered with the U.S. Copyright Office under registration number VA0001658379.

(e)     A photograph of the musical act Take That, taken in 2006, registered with the U.S. Copyright Office under registration number VA0001658480.

(f)     A photograph of the musical act Take That, taken in 2007, registered with the U.S. Copyright Office under registration number VA0001658477.

(g)     A photograph of the musician Smudo, taken in 2005, registered with the U.S. Copyright Office under registration number VA0001658521.

(h)     A photograph of the musician Keith Richards, taken in 2002, registered with the U.S. Copyright Office under registration number VA0001658381.

(i)     A photograph of the musician Mike Rutherford taken in 2005, registered with the U.S. Copyright Office under registration number VA0001658632.

(j)     A photograph of the musician Cliff Richard, taken in 2006, registered with the U.S. Copyright Office under registration number VA0001658353.

//

7

1              (k)    A photograph of the musical act The Corrs, taken in

2 2004, registered with the U.S. Copyright Office under registration number

3 VA0001658588.

4              (l)    Two photographs of Angus Young, taken in 2002,

5 registered with the U.S. Copyright Office under registration number

6 VA0001658381.

7              (m)    A photograph of the musical act Modern Talking, taken

8 in 2002, registered with the U.S. Copyright Office under registration number

9 VA0001658351.

10              (n)    A photograph of the musical act Modern Talking, taken

11 in 2000, registered with the U.S. Copyright Office under registration number

12 VA0001658382.

13              (o)    A photograph of the musical act Simple Minds, taken

14 in 2003, registered with the U.S. Copyright Office under registration number

15 VA0001658357.

16              (p)    A photograph of the musician Tico Torres, taken in

17 2003, registered with the U.S. Copyright Office under registration number

18 VA0001666701.

19              (q)    A photograph of the musician Sarah Connor, taken in

20 2002, registered with the U.S. Copyright Office under registration number

21 VA0001658371.

22              (r)    A photograph of the musician Ronan Keating, taken in

23 2004, registered with the U.S. Copyright Office under registration number

24 VA0001658580.

25              (s)    A photograph of the musician Sting, taken in 2000,

26 registered with the U.S. Copyright Office under registration number

27 VA0001658382.

28 //

8

1                (t)    A photograph of the musician Jeanette Biedermann,
2     taken in 2003, registered with the U.S. Copyright Office under registration
3     number VA0001664559.

4                (u)    Two photographs of the musician Till Lindemann,
5     taken in 2005, registered with the U.S. Copyright Office under registration
6     number VA0001658404.

7                (v)    A photograph of the musical act Depeche Mode, taken
8     in 2006, registered with the U.S. Copyright Office under registration number
9     VA0001666699.

10               (w)    A photograph of the musical act Tokio Hotel, taken in
11    2008, registered with the U.S. Copyright Office under registration number
12    VA0001658393.

13               (x)    A photograph of the musician Robbie Williams, taken
14    in 2001, registered with the U.S. Copyright Office under registration number
15    VA0001658372.

16               (y)    A photograph of the musician Robbie Williams, taken
17    in 2003, registered with the U.S. Copyright Office under registration number
18    VA0001658369.

19               (z)    A photograph of the musician Mick Jagger and the
20    musical act The Rolling Stones, taken in 2007, registered with the U.S.
21    Copyright Office under registration number VA0001664039.

22               (aa)   A photograph of the musical act Westlife, taken in
23    2004, registered with the U.S. Copyright Office under registration number
24    VA0001658450.

25               (bb)   A photograph of the musician Peter Kraus, taken in
26    2005, registered with the U.S. Copyright Office under registration number
27    VA0001658591.

28    //

9

(cc)   A photograph of the musician Tina Turner, taken in 1996, registered with the U.S. Copyright Office under registration number VA0001658473.

(dd)   A photograph of the musician Gary Barlow taken in 2006, registered with the U.S. Copyright Office under registration number VA0001658480.

(ee)   A photograph of the musician Richie Sambora and the musical act Bon Jovi, taken in 2003, registered with the U.S. Copyright Office under registration number VA0001666701.

(ff)   A photograph of the musician Jon Bon Jovi, taken in 2003, registered with the U.S. Copyright Office under registration number VA0001666701.

33.   Additionally, plaintiff has applied for U.S. copyright registration for ten additional photographs, taken by plaintiff, of which plaintiff is the author, creator, and owner.  These consist of two photographs of Michael Jackson and one each of Eric Clapton, Roxette, Iron Maiden, Rhino, Holy Hell, Steve Vai, Udo Lindenberg, and Mark Knopfler.

34.   Collectively, the foregoing photographs registered with the U.S. Copyright Office, or for which plaintiff has applied for U.S. registration, are referred to herein as the "Copyrighted Works."

Acts of Copyright Infringement

35.   Defendant ADAM OPEL AG manufactures and sells automobiles under the Opel mark.  On information and belief, defendant ADAM OPEL AG is a wholly-owned subsidiary of defendant GENERAL MOTORS COMPANY, which directs, dominates, and controls the management, operation, and finances of defendant ADAM OPEL AG.

//

10

36.    In 2013, plaintiff presented defendant TINA MÜLLER, Chief Marketing Officer of defendant ADAM OPEL AG, a concept to drive buyers into Opel dealerships by organizing a photo exhibition of plaintiff's best work in Opel dealerships throughout Germany.  TINA MÜLLER liked the idea and delegated it to defendant ANDREAS MARX, Director of Marketing at defendant ADAM OPEL AG.

37.    First, plaintiff designed a poster, in which plaintiff took an image of an Opel automobile and overlayed it with a collage of the Copyrighted Works, so that it appeared in the poster that the Copyrighted Works were painted onto an actual car.  Plaintiff authorized public display of the Copyrighted Works in the poster, only, for the duration of the exhibition. The poster was exhibited in various Opel dealerships and became very popular with the general public.  At this time, the concept was a pure photo illustration only.

38.    Opel representatives, their dealers, and the general audience expressed a great demand to see an actual car displaying the Copyrighted Works (the "Concept Car").  Plaintiff designed a process to print the collage of the Copyrighted Works onto a foil in which an existing car was to be wrapped.  ADAM OPEL AG provided a car and paid for the printing and wrapping of the foil around the full vehicle.  Plaintiff authorized display of the images on the Concept Car for the duration of the exhibition.  Plaintiff did not sell copies of the Copyrighted Works to any defendant.  To the contrary, plaintiff gave a license for a limited duration, expiring upon conclusion of the exhibition, and plaintiff did not request or receive payment for such limited license.

39.    In April 2014, the Concept Car was first presented to the general public.  The public reaction was very positive.  TINA MÜLLER asked //

11

COMPLAINT

1  plaintiff if plaintiff was interested to license the Copyrighted Works for a limited
2  number of additional automobiles.

3        40.   On or about April 15, 2014, plaintiff offered to license the use
4  of the Copyrighted Works to ADAM OPEL AG for a limited edition of 99 cars
5  for EUR 100,000 (app $138,350 at that time)  ADAM OPEL AG and TINA
6  MÜLLER were very interested.  However, ANDREAS MARX was not
7  interested and used his authority as Director of Marketing at defendant ADAM
8  OPEL AG to discontinue the exhibition.  At this point, plaintiff's license of the
9  Copyright Works to ADAM OPEL AG was terminated.

10        41.   The Concept Car was severely damaged in May 2014.  The
11  Concept Car was towed to an Opel dealership right afterwards.

12        42.   Plaintiff was told that ANDREAS MARX's decision was final;
13  that no one, including plaintiff, would be permitted to buy the Concept Car;
14  that the full vehicle wrap containing the Copyrighted Works would be removed
15  from the Concept Car; and that once the Concept Car was repaired, it would
16  be returned to the general inventory of cars avaiable for sale, without
17  displaying the Copyrighted Works.

18        43.   In August 2016, plaintiff was surprised to learn that the
19  Concept Car was repaired and covered with a new wrap containing the
20  Copyrighted Works without my permission.  On information and belief, the
21  Concept Car was exhibited and promoted through a variety of Opel
22  dealerships, using plaintiff's name, the artist's names, and the Copyrighted
23  Works without authorization, license, or consent by either plaintiff or any of the
24  artists.  Defendants eventually sold the Concept Car to a third party.

25        44.   After learning that the Concept Car had been exhibited and
26  sold without his consent, plaintiff contacted TINA MÜLLER and ANDREAS
27  MARX and reminded them that the use and display of the Copyrighted Works
28  on the Concept Car was without authorization.  Defendants did nothing to

COMPLAINT

1 cease or terminate the use and display of the Copyrighted Works on the
2 Concept Car.

3       45.   Defendant DRAUF UND DRAN GBR is the company that
4 printed the Copyrighted Works on foil and affixed it to the Concept Car in
5 2014.  Plaintiff originally sent them his design and his high res digital images
6 of the Copyrighted Works, with permission to use them to create the original
7 full vehicle wrap of the Concept Car, only.  Plaintiff did not authorize the
8 Copyrighted Works to be used and displayed on any other print, foil, or wrap.
9 Plaintiff did not sell digital images of the Copyrighted Works to any defendant.
10 To the contrary, plaintiff gave a license to use such digital images only to
11 create the original foil to wrap around the Concept Car, and for no other use,
12 and plaintiff did not request or receive payment for such limited license.

13       46.   When the Concept Car was repaired, it could be fully
14 restored to its original condition only if the Copyrighted Works were printed
15 onto a new foil, and only if the new foil was wrapped around and affixed onto
16 the Concept Car.  Plaintiff did not authorize such use.  However, such printing
17 and wrapping occurred, and the Concept Car currently displays the
18 Copyrighted Works without authorization.  Plaintiff requested information from
19 defendants, but defendants refused to explain which persons ordered the new
20 foil displaying the Copyrighted Works, or the new full vehicle wrap of the
21 Concept Car with the Copyrighted Works, or how defendants claimed to have
22 a license to use and display the Copyrighted Works for a new full vehicle
23 wrap.

24       47.   Various defendants, including DRAUF UND DRAN GBR,
25 NICO BERGER, FRANK LANGE, AUTOHAUS SCHINNER E.K., MATHIAS
26 SCHINNER, AUTOHAUS WELLER GMBH & CO. KG, HANS WELLER,
27 WELLER AUTOMOBILE, FRANZISKA BRANDT, JUNGWAGENZENTRUM,
28 MERIH YAGSATAN, AUTO DEPPE GMBH & CO. KG, and GUIDO DEPPE,

COMPLAINT

are currently displaying digital images of the Copyrighted Works on the Concept Car online, without plaintiff's authorization, license, or consent.  Such defendants have enabled and are making such images available for anyone to download, copy, and reproduce, without plaintiff's authorization, license, or consent.

48.    On information and belief, defendants ADAM OPEL AG, a TINA MÜLLER, ULLRICH CLAEßEN, MICHAEL THEIS, ISABELLA SCHÖPFER, STEPHANIE ROTH, ANDREAS MARX, GENERAL MOTORS COMPANY, DRAUF UND DRAN GBR, NICO BERGER, FRANK LANGE, AUTOHAUS SCHINNER E.K., MATHIAS SCHINNER, AUTOHAUS WELLER GMBH & CO. KG, HANS WELLER, WELLER AUTOMOBILE, FRANZISKA BRANDT, JUNGWAGENZENTRUM, MERIH YAGSATAN, AUTO DEPPE GMBH & CO. KG, and GUIDO DEPPE, among other defendants, reproduced, used, displayed, and offered for sale the Copyrighted Works as part of the Concept Car; and reproduced, created, used, displayed, and made available for downloading and reproduction by others, digital images of the Concept Car displaying the Copyrighted Works; and that one or more of such defendants sold to a third party a reproduction of the Copyrighted Works wrapped around and affixed to the Concept Car, without plaintiff's authorization, license, or consent.

49.    On information and belief, defendants ADAM OPEL AG, a TINA MÜLLER, ULLRICH CLAEßEN, MICHAEL THEIS, ISABELLA SCHÖPFER, STEPHANIE ROTH, ANDREAS MARX, GENERAL MOTORS COMPANY, DRAUF UND DRAN GBR, NICO BERGER, FRANK LANGE, AUTOHAUS SCHINNER E.K., MATHIAS SCHINNER, AUTOHAUS WELLER GMBH & CO. KG, HANS WELLER, WELLER AUTOMOBILE, FRANZISKA BRANDT, JUNGWAGENZENTRUM, MERIH YAGSATAN, AUTO DEPPE GMBH & CO. KG, and GUIDO DEPPE, among other defendants, directed,

COMPLAINT

controlled, caused, approved, and ratified the reproduction, use, display, offer for sale, and sale of the Copyrighted Works as part of the Concept Car, and the reproduction, creation, use, display, downloading, and reproduction by others of digital images of the Concept Car displaying the Copyrighted Works, with notice and knowledge that plaintiff did not authorize such reproduction.

50.    On information and belief, defendants ADAM OPEL AG, a TINA MÜLLER, ULLRICH CLAEßEN, MICHAEL THEIS, ISABELLA SCHÖPFER, STEPHANIE ROTH, ANDREAS MARX, GENERAL MOTORS COMPANY, DRAUF UND DRAN GBR, NICO BERGER, FRANK LANGE, AUTOHAUS SCHINNER E.K., MATHIAS SCHINNER, AUTOHAUS WELLER GMBH & CO. KG, HANS WELLER, WELLER AUTOMOBILE, FRANZISKA BRANDT, JUNGWAGENZENTRUM, MERIH YAGSATAN, AUTO DEPPE GMBH & CO. KG, and GUIDO DEPPE, among other defendants, made available the Copyrighted Works, either as affixed to the Concept Car or in digital images of the Concept Car, to others to reproduce, use, display, offer for sale, or sell, without plaintiff's authorization, license, or consent.

Continuing Copyright Infringement

51.    Defendants continue to reproduce, copy, duplicate, publicly display, distribute, prepare derivative works based upon, and otherwise exploit the Copyrighted Works, in physical and digital forms, and to manufacture, sell, offer to sell, market, advertise, promote, ship, distribute, and otherwise exploit exact copies of the Copyrighted Works, or substantially similar copies of the Copyrighted Works, or derivative works based upon the Copyrighted Works, among other infringements, knowingly and wilfully, without plaintiff's authorization.  Defendants are doing so now, without plaintiff's authorization and to plaintiff's detriment.  Among other things, defendants are reproducing, creating, using, displaying, and making available

15

for downloading and reproduction by others, digital images of the Concept Car displaying the Copyrighted Works.  Defendants' misconduct constitutes knowing and wilful infringement of the Copyrighted Works.  Plaintiff is informed and believes that defendants are currently in possession of infringing products.  Plaintiff is informed and believes that defendants' infringement of plaintiff's copyright in the Copyrighted Works is national and international in scope.

## *FIRST CLAIM FOR RELIEF*
### *DIRECT COPYRIGHT INFRINGEMENT*

52.    Plaintiff hereby incorporates by reference paragraphs 1 through 51 above, as if fully set forth herein.

53.    Plaintiff GUIDO KARP is the author, creator, and registered owner of the Copyrighted Works.  The Copyrighted Works are registered with the U.S. Copyright Office or, alternatively, plaintiff has applied for U.S. copyright registration.

54.    The Copyrighted Works are wholly original with plaintiff and at all times constituted and constitute copyrightable subject matter under the laws of United States.

55.    Plaintiff secured and is entitled to exclusive rights and privileges in and to the copyright of the Copyrighted Works under 17 U.S.C. § 106.

56.    Plaintiff terminated all rights and licenses to defendants in connection with the Copyrighted Works.  All acts of infringement complained of herein, and all continuing infringements, are occurring without plaintiff's authorization, license, or consent.

57.    Since April 2014, defendants were and are reproducing, copying, duplicating, publicly displaying, distributing, preparing derivative

16

COMPLAINT

1 works based upon, and otherwise exploiting the Copyrighted Works, in
2 physical and digital forms, and manufacturing, selling, offering to sell,
3 marketing, advertising, promoting, shipping, distributing, and otherwise
4 exploiting exact copies of the Copyrighted Works, or substantially similar
5 copies of the Copyrighted Works, or derivative works based upon the
6 Copyrighted Works, among other infringements, knowingly and wilfully,
7 without plaintiff's authorization, and despite actual notice of copyright
8 infringement.

9       58.    The infringement of plaintiff's rights in and to each of the
10 Copyrighted Works constitutes a separate and distinct act of infringement.

11       59.    The foregoing acts of infringement are and were wilful,
12 intentional, purposeful, and deliberate, in disregard of and indifferent to the
13 rights of plaintiff.

14       60.    Defendants' acts complained of herein constitute
15 infringement of plaintiff's registered copyrights and exclusive rights under
16 copyright in violation of 17 U.S.C. §§ 106 and 501.

17       61.    As a direct and proximate result of defendants' copyright
18 infringement, plaintiff suffered significant damage in an amount not presently
19 known with certainty, but which will be proven at trial. Plaintiff is entitled to
20 recover his actual damages suffered by him as a result of the infringement,
21 and any profits of defendants that are attributable to the infringement and are
22 not taken into account in computing the actual damages.

23       62.    Alternatively, plaintiff is entitled to recover an award of
24 statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum amount
25 of $150,000 with respect to each work infringed, or in such other amounts as
26 may be proper under 17 U.S.C. § 504(c).

27       63.    Defendants' conduct, as set forth herein, is causing and,
28 unless enjoined and restrained by this Court, will continue to cause plaintiff

COMPLAINT

great and irreparable injury that cannot be fully compensated or measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, plaintiff is entitled to preliminary and permanent injunctive relief prohibiting further infringements of plaintiff's copyrights and exclusive rights under copyright.

64.    Pursuant to 17 U.S.C. § 503, plaintiff is entitled to an order for the impounding of all copies claimed to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, and to a final judgment and order for the destruction of all such copies found to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced.

65.    Under the circumstances described herein, defendants will be unjustly enriched if they are allowed to profit by their wrongful conduct. Therefore, plaintiff is entitled to a constructive trust on, and a disgorgement of, all funds, assets, accounts, and business opportunities unjustly acquired by defendants.

66.    Plaintiff is further entitled to recover his attorney's fees and costs pursuant to 17 U.S.C. § 505.

## *SECOND CLAIM FOR RELIEF*
### *CONTRIBUTORY COPYRIGHT INFRINGEMENT*

67.    Plaintiff hereby incorporates by reference paragraphs 1 through 66 above, as if fully set forth herein.

68.    Plaintiff GUIDO KARP is the author, creator, and registered owner of the Copyrighted Works.  The Copyrighted Works are registered with

18

1  the U.S. Copyright Office or, alternatively, plaintiff has applied for U.S.
2  copyright registration.

3      69.  The Copyrighted Works are wholly original with plaintiff and
4  at all times constituted and constitute copyrightable subject matter under the
5  laws of United States.

6      70.  Plaintiff secured and is entitled to exclusive rights and
7  privileges in and to the copyright of the Copyrighted Works under 17 U.S.C.
8  § 106.

9      71.  Plaintiff terminated all rights and licenses to defendants in
10  connection with the Copyrighted Works.  All acts of infringement complained
11  of herein, and all continuing infringements, are occurring without plaintiff's
12  authorization, license, or consent.

13      72.  Since April 2014, defendants were and are reproducing,
14  copying, duplicating, publicly displaying, distributing, preparing derivative
15  works based upon, and otherwise exploiting the Copyrighted Works, in
16  physical and digital forms, and manufacturing, selling, offering to sell,
17  marketing, advertising, promoting, shipping, distributing, and otherwise
18  exploiting exact copies of the Copyrighted Works, or substantially similar
19  copies of the Copyrighted Works, or derivative works based upon the
20  Copyrighted Works, among other infringements, knowingly and wilfully,
21  without plaintiff's authorization, and despite actual notice of copyright
22  infringement.

23      73.  Since April 2014, defendants intentionally induced or
24  encouraged direct infringement of the Copyrighted Works by others by making
25  available the Copyrighted Works, either as affixed to the Concept Car or in
26  digital images of the Concept Car, to others to reproduce, use, display, offer
27  for sale, or sell, without plaintiff's authorization, license, or consent.  On
28  information and belief, such recipients were and are reproducing, copying,

COMPLAINT

duplicating, publicly displaying, distributing, preparing derivative works based upon, and otherwise exploiting the Copyrighted Works, in physical and digital forms, and manufacturing, selling, offering to sell, marketing, advertising, promoting, shipping, distributing, and otherwise exploiting exact copies of the Copyrighted Works, or substantially similar copies of the Copyrighted Works, or derivative works based upon the Copyrighted Works, among other infringements, knowingly and wilfully, without plaintiff's authorization.

74.     The infringement of plaintiff's rights in and to each of the Copyrighted Works constitutes a separate and distinct act of infringement.

75.     The foregoing acts of infringement are and were wilful, intentional, purposeful, and deliberate, in disregard of and indifferent to the rights of plaintiff.

76.     Defendants' acts complained of herein constitute contributory infringement of plaintiff's registered copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501.

77.     As a direct and proximate result of defendants' contributory copyright infringement, plaintiff suffered significant damage in an amount not presently known with certainty, but which will be proven at trial.  Plaintiff is entitled to recover his actual damages suffered by him as a result of the infringement, and any profits of defendants that are attributable to the infringement and are not taken into account in computing the actual damages.

78.     Alternatively, plaintiff is entitled to recover an award of statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum amount of $150,000 with respect to each work infringed, or in such other amounts as may be proper under 17 U.S.C. § 504(c).

79.     Defendants' conduct, as set forth herein, is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury that cannot be fully compensated or measured in

20

COMPLAINT

1   money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C.

2   § 502, plaintiff is entitled to preliminary and permanent injunctive relief

3   prohibiting further infringements of plaintiff's copyrights and exclusive rights

4   under copyright.

5          80.    Pursuant to 17 U.S.C. § 503, plaintiff is entitled to an order

6   for the impounding of all copies claimed to have been made or used in

7   violation of plaintiff's exclusive rights under copyright, and of all plates, molds,

8   matrices, masters, tapes, film negatives, or other articles by means of which

9   such copies may be reproduced, and to a final judgment and order for the

10  destruction of all such copies found to have been made or used in violation of

11  plaintiff's exclusive rights under copyright, and of all plates, molds, matrices,

12  masters, tapes, film negatives, or other articles by means of which such

13  copies may be reproduced.

14         81.    Under the circumstances described herein, defendants will

15  be unjustly enriched if they are allowed to profit by their wrongful conduct.

16  Therefore, plaintiff is entitled to a constructive trust on, and a disgorgement of,

17  all funds, assets, accounts, and business opportunities unjustly acquired by

18  defendants.

19         82.    Plaintiff is further entitled to recover his attorney's fees and

20  costs pursuant to 17 U.S.C. § 505.

21

22                    ***THIRD CLAIM FOR RELIEF***

23              ***VICARIOUS COPYRIGHT INFRINGEMENT***

24         83.    Plaintiff hereby incorporates by reference paragraphs 1

25  through 82 above, as if fully set forth herein.

26         84.    Plaintiff GUIDO KARP is the author, creator, and registered

27  owner of the Copyrighted Works.  The Copyrighted Works are registered with

28  //

21

COMPLAINT

1  the U.S. Copyright Office or, alternatively, plaintiff has applied for U.S.
2  copyright registration.

3      85.   The Copyrighted Works are wholly original with plaintiff and
4  at all times constituted and constitute copyrightable subject matter under the
5  laws of United States.

6      86.   Plaintiff secured and is entitled to exclusive rights and
7  privileges in and to the copyright of the Copyrighted Works under 17 U.S.C.
8  § 106.

9      87.   Plaintiff terminated all rights and licenses to defendants in
10  connection with the Copyrighted Works.  All acts of infringement complained
11  of herein, and all continuing infringements, are occurring without plaintiff's
12  authorization, license, or consent.

13      88.   Defendants had the right to stop or limit infringement by
14  others of the Copyrighted Works, including without limitation by ceasing to
15  make available the Copyrighted Works, either as affixed to the Concept Car or
16  in digital images of the Concept Car, to others to reproduce, use, display, offer
17  for sale, or sell, without plaintiff's authorization, license, or consent, among
18  other ways.

19      89.   Defendants declined to exercise their right to stop or limit
20  infringement by others of the Copyrighted Works.

21      90.   While declining to exercise their right to stop it or limit it,
22  defendants profited from direct infringement by others of the Copyrighted
23  Works, by continuing to sell, distribute, or otherwise transfer infringing
24  products to others and to be paid for them, among other ways.

25      91.   The infringement of plaintiff's rights in and to each of the
26  Copyrighted Works constitutes a separate and distinct act of infringement.
27  //
28  //

COMPLAINT

92.    The foregoing acts of infringement are and were wilful, intentional, purposeful, and deliberate, in disregard of and indifferent to the rights of plaintiff.

93.    Defendants' acts complained of herein constitute vicarious infringement of plaintiff's registered copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501.

94.    As a direct and proximate result of defendants' vicarious copyright infringement, plaintiff suffered significant damage in an amount not presently known with certainty, but which will be proven at trial.  Plaintiff is entitled to recover his actual damages suffered by him as a result of the infringement, and any profits of defendants that are attributable to the infringement and are not taken into account in computing the actual damages.

95.    Alternatively, plaintiff is entitled to recover an award of statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum amount of $150,000 with respect to each work infringed, or in such other amounts as may be proper under 17 U.S.C. § 504(c).

96.    Defendants' conduct, as set forth herein, is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury that cannot be fully compensated or measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, plaintiff is entitled to preliminary and permanent injunctive relief prohibiting further infringements of plaintiff's copyrights and exclusive rights under copyright.

97.    Pursuant to 17 U.S.C. § 503, plaintiff is entitled to an order for the impounding of all copies claimed to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, and to a final judgment and order for the

1  destruction of all such copies found to have been made or used in violation of
2  plaintiff's exclusive rights under copyright, and of all plates, molds, matrices,
3  masters, tapes, film negatives, or other articles by means of which such
4  copies may be reproduced.

5        98.   Under the circumstances described herein, defendants will
6  be unjustly enriched if they are allowed to profit by their wrongful conduct.
7  Therefore, plaintiff is entitled to a constructive trust on, and a disgorgement of,
8  all funds, assets, accounts, and business opportunities unjustly acquired by
9  defendants.

10        99.   Plaintiff is further entitled to recover his attorney's fees and
11  costs pursuant to 17 U.S.C. § 505.

12

13  ***FOURTH CLAIM FOR RELIEF***
14  ***INJUNCTIVE RELIEF***

15        100.  Plaintiff hereby incorporates by reference paragraphs 1
16  through 99 above, as if fully set forth herein.

17        101.  Defendants will, unless preliminarily and permanently
18  enjoined, continue to engage in the foregoing acts and practices against
19  plaintiff.  Unless defendants are so enjoined, plaintiff will suffer immediate and
20  irreparable harm for which he lacks an adequate remedy of law.

21        102.  Plaintiff is therefore entitled to orders and judgment of this
22  Court, preliminarily and permanently enjoining defendants and all persons
23  acting in concert with them from the following:

24        (a)   Infringing any of plaintiff's copyrights in the
25  Copyrighted Works.

26        (b)   Reproducing, copying, duplicating, publicly displaying,
27  distributing, preparing derivative works based upon, or otherwise exploiting
28  the Copyrighted Works, whether in physical or digital form.

COMPLAINT

1     (c)     Manufacturing, selling, offering to sell, marketing,

2  advertising, promoting, shipping, distributing, or otherwise exploiting exact

3  copies of the Copyrighted Works, or substantially similar copies of the

4  Copyrighted Works, or derivative works based upon the Copyrighted Works,

5  or digital images of the Copyrighted Works.

6     (e)     Conspiring or acting in concert with anyone else to

7  engage in any of the foregoing activities.

8

9     WHEREFORE, plaintiff prays for judgment in his favor and against

10  defendants as follows:

11     1.     On the First, Second, and Third Claims for Relief, for

12  damages according to proof.

13     2.     On the First, Second, and Third Claims for Relief, for any

14  profits of defendants that are attributable to the infringement and are not taken

15  into account in computing actual damages.

16     3.     On the First, Second, and Third Claims for Relief, for an

17  award of statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum

18  amount of $150,000 with respect to each work infringed, or in such other

19  amounts as may be proper under 17 U.S.C. § 504(c).

20     4.     On all Claims for Relief, for orders and judgment of this

21  Court preliminarily and permanently enjoining defendants from infringing

22  plaintiff's copyrights in the Copyrighted Works and from otherwise engaging in

23  unlawful acts as alleged therein.

24     5.     On the First, Second, and Third Claims for Relief, for an

25  order for the impounding of all copies claimed to have been made or used in

26  violation of plaintiff's exclusive rights under copyright, and of all plates, molds,

27  matrices, masters, tapes, film negatives, or other articles by means of which

28  such copies may be reproduced, and to a final judgment and order for the

25

destruction of all such copies found to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, pursuant to 17 U.S.C. § 503.

6.    On the First, Second, and Third Claims for Relief, for a constructive trust on, and a disgorgement of, all funds, assets, property, accounts, and business opportunities unjustly acquired by defendants.

7.    For costs of suit, attorney's fees, and prejudgment interest.

8.    For such other and further relief as the Court may deem just and proper.

DATED:  December 13, 2016        LAW OFFICES OF JOHN A. CASE, JR.

/s/

By:_____
          John A. Case, Jr.
          Attorneys for Plaintiff
          GUIDO KARP

COMPLAINT

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

3      Plaintiff GUIDO KARP hereby demands a trial by jury.

4

5   DATED:  December 13, 2016        LAW OFFICES OF JOHN A. CASE, JR.

6                                                        /s/

7                                            By:_____

8                                                    John A. Case, Jr.
                                               Attorneys for Plaintiff
9                                              GUIDO KARP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT